```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION
```

STATE OF MISSOURI,            )
CITY OF ST. LOUIS,            )
                              )
          Plaintiffs,         )
                              )
     v.                       )     No. 4:06CV01321(ERW)
                              )
DANIEL L. BENDER,             )
                              )
          Defendant.          )

## ORDER

This matter is before the Court on Daniel L. Bender's motion to proceed in forma pauperis [Doc. #1]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United

States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se action under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**Notice of Removal**

Defendant Bender filed a notice removing a criminal prosecution commenced by the State of Missouri against him for trespass [Doc. #3].

**Discussion**

This matter should be summarily remanded to the Missouri Circuit Court, Twenty-Second Judicial Circuit (City of St. Louis). While defendant contends that this action is removable under 28 U.S.C. § 1441, § 1441 only allows removal of civil cases not criminal cases. Although there are several provisions that allow removal of criminal prosecutions - 28 U.S.C. §§ 1442, 1442a, and 1443 - none of these provisions apply to defendant's case. Therefore, the instant action will be summarily remanded to the state trial court.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** defendant Bender's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Missouri Circuit Court, Twenty-Second Judicial Circuit (City of St. Louis).

So Ordered this 1st Day of March, 2007.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**